UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|   |   |
|---|---|
| SATA GMBH & CO. KG, | ) |
| Plaintiff, | ) Case No.: 2:22-cv-01832-GMN-EJY |
| vs. | ) |
| | ) ORDER |
| QINGDAO HANSPRAY NEW MATERIAL TECHNOLOGY CO., LTD., *et al.* | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendants Qingdao Hanspray New Material Technology Co., Ltd., Qingdao Hanbo Plastic Technology Co. Ltd., and Hanspray Industries Holding Co., Ltd. ("Defendants"). Plaintiff SATA GmbH & Co. KG ("Plaintiff") filed a Response, (ECF No. 20), to which Defendants filed a Reply, (ECF No. 23). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.

I.        **BACKGROUND**

This case arises from Defendants alleged infringement of Plaintiff's U.S. Patent No. 7,416,150 (the "'140 Patent."). (*See generally* Compl., ECF No. 2). The '140 Patent relates to a disposable cup for spray guns that apply paint. (*Id.*). Plaintiff alleges that Defendants sell, import, and market a paint spray gun cup (the "Accused Products") in the United States. (*Id.* ¶¶ 1, 9–10). Plaintiff filed the instant Complaint, asserting claims for direct infringement, in violation of 35 U.S.C. § 271(a), and induced infringement, in violation of 35 U.S.C. §§ 271(b) and (f)(1). (*Id.* ¶¶ 49–72). Defendants then filed their Motion to Dismiss, (ECF No. 15), which the Court discusses below.

///

///

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. City of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs. Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

///

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.     DISCUSSION

Defendants contend the Court should dismiss Plaintiff's causes of action for three reasons. First, Defendants argue Plaintiff fails to allege a direct infringement claim because it does not identify infringement of all asserted claim limitations and did not conduct a reasonable pre-filing investigation prior to bringing this lawsuit. (Mot. Dismiss ("MTD") 2:8–7:15). Next, Defendants posit that Plaintiff failed to allege facts showing knowledge or intent in support of its induced infringement claim. (*Id.* 7:16–8:19). Finally, Defendants maintain the '140 Patent is invalid, and thus both of Plaintiff's infringement claims are moot, because it seeks to capture patent ineligible principle of fluid mechanics. (*Id.* 8:20–11:20). The Court examines each argument in turn, beginning with those regarding Plaintiff's direct infringement claim.

### A.     Direct Infringement, U.S.C. 35 § 217(a)

#### 1. Plausibility Standard

Defendants begin by arguing that Plaintiff's Complaint fails to identify which part of the Accused Products infringes on the '140 Patent. (MTD 2:8–7:15). Instead, Defendants avers that Plaintiff summarily alleges that the Accused Products infringe on the '140 Patent without providing facts that adequately compare each part of the Accused Products to the '140 Patent to show how it infringes. (Reply 2:13–4:28, ECF No. 23).

To state a claim for patent infringement, the complaint needs to: "(1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to the specific section of the patent law invoked." *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc.*, No. 8:18-cv-0311, 2018 WL 6380887, at *3 (C.D. Cal. Jan. 19, 2018). At the motion to dismiss stage, the challenge for the court is typically evaluating whether the complaint plausibly alleges how defendant infringed. *See, e.g., Disc Disease Sols. Inc. v. VGH Sols. Inc.*, 888 F.3d 1256 (Fed. Cir. 2018). "[T]his plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 1260 (quoting *Iqbal*, 556 U.S. at 678). The necessary factual allegations a plaintiff must plead may qualitatively vary with the complexity of the patent in suit. *See id*.

Courts since *Disc Disease* have generally found that complaints alleging infringement of patents claiming "simple technologies" state plausible claims if they include the patent, photographs or diagrams of the accused product, and a generalized allegation of infringement. *See Gamevice, Inc. v. Nintendo Co. Ltd.*, No. 18-cv-01942, 2018 WL 5310792, at *3–*4 (C.D. Cal. Aug. 6, 2018) (collecting cases). When the disputed technology is simple, these minimalist complaints are sufficient if they allow the Court to assess the plausibility of infringement by comparing the accused product with the claims in a plaintiff's patent. *See id.* However, *Disc Disease* "does [not] set a floor for the level of detail required to plead direct patent infringement. It [is] simply one example of where pleadings were sufficient." *Horowitz v. Yishun Chen*, No. 17-00432, 2018 WL 6219928, at *3 (C.D. Cal. May 14, 2018).

///

///

///

The Court disagrees with Defendants that the Complaint fails to adequately allege what part of the Accused Products infringe on the '140 Patent. In sixteen paragraphs, Plaintiff identified features shared by both the Accused Products and the '140 Patent. (Compl. ¶¶ 31–47). "Contrary to what [Defendants might argue[], nothing about *Twombly* and *Iqbal* suggests that a patent infringement complaint that largely tracks the language of the claims to allege infringement is insufficient *per se*. *Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.*, No. 15-cv-04525, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 1016). And here, Plaintiff accomplishes this task by alleging facts in its Complaint that plausibly demonstrate how Defendants' Accused Products practice each element of at least one claim. At this early stage in the case, the Court declines Defendants' invitation to require more.[1]

### 2. Reasonable Pre-Filing Investigation

Defendants next argue Plaintiff failed to conduct a sufficient pre-filing investigation of its patent infringement claim. (MTD 6:21–26); (Reply 4:25–27). Defendants primarily rely on the fact that Plaintiff failed to provide a claim chart comparing the features of the Accused Products to the '140 Patent. (MTD 2:20–3:1, 6:21–7:15).

The Federal Circuit has stated that "the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis." *QPharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004) (internal citations omitted). "However, neither a formal infringement analysis nor a formal claim chart is required." *Medicis Pharm. Corp. v. Acella Pharm., LLC*, No. 10-cv-1780, 2012 WL 2260928,

---

[1] Defendants also provide exhibits in support of their assertion that the Accused Products are "vividly and clearly" distinct from the features protected by the '140 Patent. (MTD 4:16–22); (*see also* Product Comparison, Ex. 1 to MTD, ECF No. 15-1). While some of the images contained in these exhibits are also attached to Plaintiff's Complaint, others are not. The Court is unable to discern whether these additional images are part of the public record. Therefore, the Court declines to take judicial notice at this time. Without judicial notice, "Defendants seek to enforce a standard which borders upon that of summary judgment, far exceeding the pleading standard for a patent infringement claim." *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772, 2016 WL 199417, at *3 (D. Nev. Jan. 15, 2016). Accordingly, the Court will not dismiss Plaintiff's Complaint on this basis.

at *3 (D. Ariz. June 15, 2012) (citing *QPharma, Inc.*, 360 F.3d at 1302 ("[A] claim chart is not a requirement of a pre-filing infringement analysis, as the owner, inventor, and/or drafter of a patent ought to have a clear idea of what the patent covers without the formality of a claim chart.")). Rather, a reasonable inquiry may "simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *Id.* at 1302.

First, the Court disagrees with Defendants' contention that Plaintiff's pre-filing investigation was insufficient merely because it did not include a claims chart in its Complaint. *See Medicis Pharm. Corp.*, 2012 WL 2260928, at *3 (citing *OPharma, Inc.*, 360 F.3d at 1302). Second, while Defendants ask the Court to infer that Plaintiff failed to make a reasonable pre-filing investigation, they provide no specific information demonstrating the actions Plaintiff's attorneys took, or in this case, failed to perform. (Reply 4:22–27). Rule 11 does not impose a blanket standard that counsel must obtain the accused devices and dissect or reverse engineer a sample prior to initiating a patent infringement lawsuit. *See, e.g.*, *Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1338 (Fed. Cir. 2007).[2] And here, the Court has already determined Plaintiff adequately alleged a direct infringement claim. *See supra* II.A.1. In the absence of argument showing what specific conduct was not undertaken that would displace the Court's previous finding, the Court is unwilling to conclude that Plaintiff failed to perform a reasonable pre-filing investigation at this time.

///

///

///

---

[2] In past cases applying Rule 11, defendants thwarted the plaintiff from purchasing the allegedly infringing device, hindering their pre-filing inquiry. *Konecranes Glob. Corp. v. Mode Tech (Beijing) Co.*, No. 2:18-cv-02015-GMN-NJK, 2020 WL 1434394 at *5 (D. Nev. Mar. 24, 2020). In a case where the court-imposed sanctions, the attorneys admitted that their counterclaims had no factual basis. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 984 (Fed. Cir. 2000). The factual circumstances implicated in those cases are not present here.

**B. Induced Infringement, 35 U.S.C. §§ 271(b), (f)(1)**

Defendants also contend Plaintiff failed to state a claim for induced infringement because the Complaint does not allege they knew of the '140 Patent, and otherwise is devoid of facts showing specific intent and action to induce infringement. (MTD 7:18–8:19); (*see also* Reply 5:22–24) ("Plaintiff only offers speculation as to direct infringement by end-users, and Plaintiff fails to offer even one identified instance of direct infringement by a customer or client of Defendants.").

A party who "actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  To prove induced infringement, a patentee must show "the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Info–Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015) (quoting *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014)). "[W]here there has been no direct infringement, there can be no inducement of infringement under § 271(b)." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014). An act of direct infringement of a United States patent requires that some relevant action take place in the United States. *See, e.g.*, 35 U.S.C. § 271(a) ("Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.").

Here, the Court finds Plaintiff has not sufficiently alleged Defendants knew and intended to encourage infringement of the '140 Patent for purposes of induced infringement.  At bottom, Plaintiff's allegations of knowledge and intent are based on two premises.  First, Plaintiff argues Defendants should have known about the '140 Patent because issuance of a patent and recordation by the Patent Office puts the world on constructive notice of the existence of the patent. (Resp. 6:25–7:4) (citing Compl. ¶ 63).  Practically, if the Court adopted this argument,

knowledge would be *de facto* established for all induced infringement claims. In the absence of Supreme Court or Ninth Circuit precedent adopting this approach, the Court does not find Plaintiff's argument persuasive.

Second, Plaintiff maintains Defendants were "put on notice of its infringement" by way of "filing and service of the Complaint." (*Id.* 7:2–5) (citing Compl. ¶ 48). "District courts are split on whether the alleged inducer must have had knowledge of the patent prior to the filing of the original complaint." *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556, 2023 WL 2627016, at *2 (C.D. Cal. Feb. 16, 2023). Some courts have held that post-suit knowledge suffices. *Intellect Wireless Inc. v. Sharp Corp.*, No. 10-cv-6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012) (allowing claim based on post-suit knowledge). Others have held that only pre-suit knowledge may give rise to induced infringement claims. *Proxyconn Inc. v. Microsoft Corp.*, No. 11-cv-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (dismissing claims based on post-suit knowledge because they "require[ ] this Court to bootstrap the knowledge Defendants now have based on Plaintiff's filing of the Complaint onto defendant's acts before Plaintiff filed its complaint."). As the parties did not address this issue in their respective filings, the Court does not take a definitive position at this time. Nevertheless, the Court will DISMISS Plaintiff's induced infringement claim without prejudice. If Plaintiff chooses to file an amended complaint, it must include additional allegations either showing how Defendants knew of the '140 Patent prior to filing this lawsuit, or explain why post-filing knowledge is sufficient to allege an induced infringement claim.[3]

///

---

[3] The Court notes its conclusion does not conflict with its finding that Plaintiff adequately alleged its direct infringement claim. "Direct infringement has long been understood to require no more than the unauthorized use of a patented invention." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 n.2 (2011). Thus, "to state a claim for direct infringement, the alleged 'infringer's knowledge or intent is irrelevant.'" *E.digital Corp. v. Toshiba Am. Info. Sys., Inc.*, No. 13-cv-2909, 2014 WL 12516081, at *2 (S.D. Cal. July 10, 2014) (citing *Global-Tech Appliances, Inc.*, 563 U.S. at 761 n.2).

**C. Patent Ineligibility, 35 U.S.C. § 101**

Finally, Defendants advance the '140 Patent is patent ineligible under § 101. (MTD 8:20–11:20). Specifically, Defendants argue that the '140 Patent fails both lines of the patent ineligible inquiry set forth by the Supreme Court in *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014). (*Id.*).

Under § 101, an inventor may obtain a patent on "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. Courts, however, "have long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty.*, 573 U.S. at 216 (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). The concern behind these excepted categories is "one of preemption" — if an inventor could obtain patent protection over these "building blocks of human ingenuity," then the patent scheme would work to undermine, not promote, future innovation. *Id.* But courts are careful to balance concerns over preemption with the fact that "all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012). Thus, where an invention moves beyond an abstract idea by applying it "to a new and useful end," the invention will mee the § 101 standard. *Alice Corp.*, 573 U.S. at 217 (*Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).

In light of these competing concerns, the Supreme Court has developed a two-part test to assess whether a patent covers an abstract idea. First, courts must determine whether a patent's claims are directed to a "patent-ineligible concept," such as an abstract idea. *Id.* Abstract ideas may be "preexisting, fundamental truth[s]" such as mathematical equations, and also encompass "method[s] of organizing human activity" or "longstanding commercial practice[s]" like intermediated settlement or risk hedging. *Id.* at 220. Second, if the court "determine[s] that

the patent is drawn to an abstract idea or otherwise ineligible subject matter," then the court examines "whether the remaining elements, either in isolation or combination with the non-patent ineligible elements, are sufficient to 'transform the nature of the claim into a patent-eligible application." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1363, 1366–67 (Fed. Cir. 2015) (quoting *Alice Corp.*, 573 U.S. at 217).

Whether a patent is eligible under § 101 is a question of law that may be determined at the dismissal stage. *See Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013) (reviewing a § 101 determination *de novo*, but noting that the legal issue on review "may contain underlying factual issues"); *see also Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348–49 (Fed. Cir. 2015) (affirming a district court's granting of a motion to dismiss on § 101 grounds).

Beginning with *Alice* step one, in *American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*, the Federal Circuit minimized the role of the specification at step one and instead emphasized "the failure of the claims to designate how to achieve the desired result." *Id.* at 1302. There, the court held that a patent claim concerning driveline propeller shafts was directed to ineligible subject matter. Specifically, the claim was "directed to the mere application" of a law of nature "to achieve the [invention's] desired result" and failed to "provid[e] [a] particular means of how . . . to do so." *Id.* at 1291; *see also id.* at 1294 (reaching the same conclusion). In conducting the step-one inquiry, the *American Axle* court stated that relevant Supreme Court caselaw "focus[es] on the claims, not the specification, to determine section 101 eligibility," and that, according to Federal Circuit precedent, "features that are not claimed are irrelevant to step 1 or step 2 of the" *Alice* analysis. Accordingly, the court's "directed to" inquiry focused almost exclusively on "the face of the claim," not the specification, in concluding that the claim was entirely functional and lacked the requisite specificity to satisfy § 101.

The Court finds this case is distinguishable from *American Axle*. The invention in *American Axle* involved a device that did not specifically state how it achieved its end results. *Id*. at 1291, 1298. Here, the '140 Patent designates a specific means by which it creates an airtight container to store and emit paint with a movable element located within a tubular valve body which forms a valve duct which opens a vent opening in a recessed portion of the bottom wall allowing air to enter during painting but also closes in a liquid-tight way. (*See generally* '140 Patent, Ex. A to Compl., ECF No. 2). The claim language and specification explain how the steps performed go beyond the mere recitation of general principles and implicates the application of specific components necessary to implement the function behind the product. Put differently, the '140 Patent explains *how* to achieve the result, and is not merely "result-focused, [and] functional." *Am. Axle*, 967 F.3d at 1296–97 ("The essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101). In sum, the Court finds the '140 Patent is not directed to an abstract idea. Accordingly, it declines to reach *Alice* step two.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 15), is **GRANTED in part** and **DENIED in part**.

Plaintiff shall have twenty-one (21) days of the date of this Order to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing the induced infringement claim with prejudice.

**DATED** this __29__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT